[Civ. No. 40028. First Dist., Div. Four. May 20, 1977.]

Estate of F. HAROLD PINSKA, Deceased.
KENNETH CORY, as State Controller, Petitioner and Appellant, v.
L. W. WRIXON, as Executor, etc., Objector and Respondent.

**COUNSEL**

Myron Siedorf, Edwin Rosenthal and John D. Schell for Petitioner and Appellant.

Hoffman, Wrixon & Gin and George I. Hoffman for Objector and Respondent.

**OPINION**

**CHRISTIAN, J.**—The Controller has appealed from a judgment sustaining an objection by the executor of the Estate of F. Harold Pinska, deceased, to a report of the inheritance tax referee which stated that supplemental inheritance taxes were due on assets discovered after the filing of the inventory and appraisement.

One asset of the estate was a fixed time certificate of deposit purchased by decedent from Crocker National Bank on April 13, 1974, for $229,000. The certificate was payable October 9, 1974, with interest at 9½ percent per annum. It was provided in the certificate that "Neither the deposit evidenced hereby nor the interest thereon, may be withdrawn prior to maturity." Decedent died on August 30, 1974. The court found that there was "no 'market' in which a TCD of the type here involved can be

traded, bought or sold." The executor held the certificate until maturity, and received interest at maturity, of which $8,447 represented interest accrued to the date of death.

■ The question is whether interest on an unmatured time certificate of deposit is a property right subject to inheritance taxes. The Controller argues that such interest is a valuable property right owned by decedent at the date of his death and is therefore an asset taxable to the transferees of the estate. The Controller acknowledges that under the terms of the certificate here in question, withdrawal prior to maturity of the sum represented by the certificate would have resulted in forfeiture of all accrued interest.

■ The inheritance tax is an excise imposed by statute on the passage of a decedent's property to his survivors. (*Estate of Miller* (1921) 184 Cal. 674 [195 P. 413, 16 A.L.R. 694].) In determining whether the succession to a particular interest is taxable, a court must be guided by the statutes. It is provided in Revenue and Taxation Code section 13303 that for purposes of computing inheritance tax " 'Estate' or 'property' means the real or personal property *or interest therein* of a decedent or transferor, and includes all of the following: [¶](a) All intangible personal property of a resident decedent . . . ." (Italics added.) ■ Here, the decedent had purchased from the bank its undertaking to pay. on October 9, 1974, two sums: the principal amount of $229,000, and interest in the amount of $10,817.08. The entire obligation was absolute: no further performance on the part of the decedent was required in order to earn or to preserve his entitlement to receive the promised sums. The contract did not distinguish between principal and interest; it provided that neither might be withdrawn prior to maturity. Thus, the decedent's right to receive in the future principal and interest may be likened to the right of a decedent who is a contracting party, to receive on a date specified in the contract payment for goods which he has already delivered. Such a right is "intangible personal property" within the meaning of the statute. (See 23 Cal.Jur.3d, Death and Gift Taxes, § 12, p. 429.)

The trial court correctly treated decedent's right to receive the return of the principal sum on October 9, 1974, as property, despite the fact that the obligation had not matured by the date of death. The obligation to pay interest was treated differently, although it was stated in precisely the same terms. Apparently the court took into account evidence that if the certificate had been presented for early redemption it was the policy of the bank to pay the principal sum immediately, though there was no contractual obligation to do so, but to decline to pay any interest. But

that policy only indicated possible willingness on the part of the bank to enter into a novation of its obligation, voluntarily paying the principal sum while declaring forfeit the accrued interest. The existence of such a policy on the part of the bank does not alter the conclusion that decedent and his successors had a legally enforceable right to receive on the date specified in the certificate principal and interest.[1] That right was intangible personal property subject to valuation on the date of decedent's death.

The judgment is reversed.

Caldecott, P. J., and Emerson, J.,* concurred.

A petition for a rehearing was denied June 14, 1977, and respondent's petition for a hearing by the Supreme Court was denied July 28, 1977.

---

[1]See Revenue and Taxation Code section 13410: "Notwithstanding that a transferee by his act or omission can divest himself of the property transferred to him, the tax on the transfer is computed as if there were no possibility of divestment."

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.